IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02224-BNB

WILLIAM LEE LORNES III, also known as
WILLIAM LEE LORNES THE III, also known as
WILLIAM LEE LORNES,

    Applicant,

v.

WILLISON,
CARPENDER,
COOK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO SMITH,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, William Lee Lornes III, also known as William Lee Lornes the III and as William Lee Lornes, currently is incarcerated at the Denver Van Cise-Simonet Detention Center. The caption of this order has been corrected to include his aliases. Mr. Lornes submitted to the Court *pro se* on August 17, 2012, in one large envelope a number of loose papers, which the Court made its best efforts to organize on Mr. Lornes' behalf. The papers were divided into four lawsuits, one of which is the instant action. In this action, Mr. Lornes has submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 1), a certificate of the warden as to the amount of money on deposit in his inmate trust fund account (ECF No. 3), and various exhibits (ECF No. 4).

The Court reviewed the documents, and determined they were deficient. Therefore, on August 22, 2012, Magistrate Judge Boyd N. Boland directed Mr. Lornes to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The August 22 order pointed out that Mr. Lornes named a Mr. Cook as Applicant on the § 1915 motion and affidavit instead of himself.  The order also pointed out that Mr. Lornes failed to submit either an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 or an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, depending upon the claims he intended to assert.  The Court specifically explained to Mr. Lornes that he should not submit both §§ 2254 and 2241 applications.

On October 16, 2012, after the deadline for curing deficiencies expired, Mr. Lornes submitted an uncertified certificate of the warden as to the amount of money on deposit in his inmate trust fund account (ECF No. 8) and fourteen motions and affidavits for leave to proceed pursuant to § 1915 (ECF Nos. 9 through 22) naming various Defendants or Respondents.  Two of the § 1915 motions and affidavits are for leave to appeal in a criminal case (ECF Nos. 9 and 10), five are for leave to proceed pursuant to § 1915 (ECF Nos. 11 through 15), two are first pages of a motion for leave to proceed pursuant to § 1915 in a habeas corpus action (ECF Nos. 16 and 20), three are for leave to proceed pursuant to § 1915 in a habeas corpus action (ECF Nos. 17 through 19), one is for leave to proceed on appeal pursuant to § 1915 and Fed. R. App. P. 24 (ECF No. 21), and one is for leave to proceed on appeal pursuant to § 1915 and Fed. R. App. P. 24 in a habeas corpus action (ECF No. 22).

Also on October 16, Mr. Lornes submitted eight pleadings (ECF Nos. 23 through 30) naming various Defendants and Respondents. Five of the pleadings are Prisoner Complaints (ECF Nos. 23 through 27). One is a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 28), one is an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 29), and one is an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 30).

On October 18, 2012, he filed additional papers that also failed to cure the designated deficiencies. The Court anticipates that Mr. Lornes may continue filing documents after October 18. However, the Court will not list in this order all the documents he filed on October 18 or may file after October 18. The caption of this order will list the parties as listed in the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 30) filed on October 16. Mr. Lornes is cautioned that the Court may sanction *pro se* litigants who abuse the judicial process.

The August 22 order warned Mr. Lornes that, if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice. Mr. Lornes has failed within the time allowed to cure the designated deficiencies. Therefore, the action will be dismissed without prejudice for failure to cure the designated deficiencies as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Lornes files a notice of appeal he must also pay the full $455.00 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, William Lee Lornes III, within the time allowed, to cure the deficiencies designated in the order to cure of August 22, 2012. It is

FURTHER ORDERED that the clerk of the Court is directed to add the aliases, William Lee Lornes the III and William Lee Lornes, to the docketing records for this case. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that, to the extent it applies, no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  19th  day of  October , 2012.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court